UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Melissa Turner,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil No. 3:08-mc-0002 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| **Atlantic Southeast Airlines, Inc.; Association** ) | |
| **of Flight Attendants - CWA, AFL-CIO; and** ) | |
| **Craig R. Cumbie,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon "Plaintiff's Motion and Application for Reasonable Attorneys' Fees and Expenses Against Hilton Hotels Corporation." Docket No. 16. Plaintiff seeks reimbursement for "expenses, including reasonable attorneys' fees," as well as "fees and costs associated with the instant motion." *Id.* Plaintiff has contemporaneously filed a Memorandum of Law in support of her Motion. Docket No. 17. Hilton Hotels Corporation ("Hilton") has filed a Response opposing Plaintiff's Motion. Docket No. 19. Judge Trauger has referred the Motion to the undersigned for disposition.[1] Docket No. 18.

The underlying facts are as follows. Hilton is a nonparty that Plaintiff believed possessed documents relevant to the allegations of a lawsuit she had pending in the U.S. District Court for the Northern District of Georgia. Accordingly, Plaintiff served Hilton with a subpoena *duces*

---

[1] Fed. R. Civ. P. 54(d)(2)(D) provides in part that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."

1

*tecum*. Hilton timely served Plaintiff with written objections to the subpoena. Hilton's objections were based on the location of production, the undue burden and expense to Hilton, privilege, and the confidential trade secret information requested.

On January 3, 2008, Plaintiff filed a Motion to Enforce Subpoena *Duces Tecum* and to Compel Production of Documents. Hilton did not oppose Plaintiff's Motion, and Plaintiff's Motion was granted. Hilton was ordered to produce the subpoenaed documents at the office of Plaintiff's counsel by 10:00 a.m. on February 22, 2008, and Hilton complied. Plaintiff subsequently filed the instant Motion seeking attorneys' fees and expenses associated with the Motion to Compel and with the instant Motion. Hilton opposes Plaintiff's Motion on the grounds that it complied with the procedures set forth in Fed. R. Civ. P. 45 and with the Order of this Court.

Plaintiff argues that she advised Hilton that "court intervention would be necessary if Hilton continued to ignore Plaintiff's attempts to confer in good faith," and that Hilton's lack of response to Plaintiff's last attempt to resolve any remaining dispute over Plaintiff's subpoena "forced Plaintiff to seek court intervention." Docket No. 17, p. 2. Plaintiff also contends that, pursuant to Fed. R. Civ. P. 37, Hilton can be liable for reasonable attorneys' fees and costs associated with compelling the production of documents responsive to her subpoena. Docket No. 17, p. 5. As support for this proposition, Plaintiff cites two cases from outside the Sixth Circuit, one in which the nonparty failed to file objections to the subpoena, and the other in which a nonparty expert was ordered to pay the prevailing party's attorneys' fees and costs for sanctionable conduct. *Id.,* p. 5-6. Plaintiff argues that, although Hilton timely objected to her subpoena, Hilton "essentially conceded [their objections], and their frivolousness, by failing to

2

confer in good-faith and by failing to respond to [Plaintiff's] motion to enforce the subpoena and compel responsive documents." *Id.*, p. 6.

Hilton argues that Fed. R. Civ. P. 37 is inapplicable because it "only authorizes the sanctioning of parties and deponents, not the sanctioning of a nonparty that has been served with, and has timely objected to, a subpoena *duces tecum*." Docket No. 19, p. 3. Hilton contends that "a party seeking sanctions against a nonparty must look to Rule 45." *Id.,* p. 6.

Fed. R. Civ. P. 37 (a)(5)(A) (as amended effective December 1, 2007) states in pertinent part:

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the *party* or *deponent* whose conduct necessitated the motion, the *party* or the *attorney advising* that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Italics added.

The plain language of Rule 37 indicates that it applies to a party, deponent, or the attorney advising the conduct. Rule 37 does not apply to nonparties served with subpoenas *duces tecum*, and it is inapplicable to Hilton.

Plaintiff additionally maintains that Hilton is liable for attorneys' fees and costs pursuant to Fed. R. Civ. P. 45(e). At the time the subpoena was served (November 1, 2007), Rule 45(e) provided in part, "failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e).[2] Plaintiff argues that Hilton "made only frivolous objections, failed to confer in

---

[2] At the time the instant Motion was filed, Fed. R. Civ. P. 45(e) provided in part, "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

3

good-faith regarding its objections, needlessly required Plaintiff to seek court intervention, and refused to confer regarding a joint statement of the issues." Docket No. 17, p. 4. Plaintiff contends that "Hilton demonstrated the frivolous nature of its objections when it effectively abandoned them by failing to respond to Plaintiff's Motion." *Id.,* p. 5.

At the time the subpoena was served, Fed. R. Civ. P. 45 provided in relevant part:

> Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designed in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

Fed. R. Civ. P. 45(c)(2)(B).[3]

Hilton argues that Fed. R. Civ. P. 45 does not allow an award of attorneys' fees and

---

[3] Effective December 1, 2007, Rule 45(c)(2)(B) was amended. The Advisory Committee Notes regarding the 2007 Amendment state in part as follows:

> The language of Rule 45 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rule. These changes are intended to be stylistic only.

Thus, the result would be the same under the amended Rule.

4

expenses because Hilton's timely objections to the subpoena excused it from complying with the subpoena until ordered to do so by this Court. Docket No. 19, p. 2.

Although Plaintiff argues that Hilton conceded that it's objections were frivolous because, 1) Hilton failed to respond to Plaintiff's Motion to Compel, and 2) Hilton's objections were overruled, Plaintiff does not cite any authority for those propositions. The Rules do not require Hilton to respond to a Motion to Compel, and the fact that Hilton's objections were overruled does not mean that they were frivolous. Moreover, Hilton is correct that "a timely objection to a subpoena duces tecum is itself an 'adequate excuse,' precluding a finding of contempt for failure to obey the subpoena." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001).

Plaintiff finally contends that this Court has "inherent, discretionary authority to sanction abuses of the discovery process like those Hilton has demonstrated with respect to Plaintiff's subpoena." Docket No. 17, p. 6. Plaintiff argues that "Rule 45's objections were not designed to allow a non-party to assert baseless, vague objections and thereby impose on the subpoenaing party, for no valid or even apparent reason, the expensive and time-consuming burden of seeking court intervention." *Id.* Plaintiff asserts that, "This is exactly what Hilton did here when it objected to [Plaintiff's] subpoena, and then waited in bad faith for [Plaintiff] to obtain a court order." *Id.* Plaintiff adds, "Hilton also waited until the last possible day to produce responsive documents pursuant to the Order." *Id.*

Hilton argues that Plaintiff is not entitled to an award of attorneys' fees and expenses under this Court's inherent authority because it acted in good faith, complied with the procedures set forth in Fed. R. Civ. P. 45, and obeyed the Order of this Court. Docket No. 19, p. 3.

5

Although Plaintiff asserts that Hilton has acted in bad faith, Plaintiff has not proffered any evidence to so demonstrate. Moreover, despite Plaintiff's argument that Hilton should be sanctioned because it filed objections and waited for a Court Order mandating that it comply with the subpoena before complying, filing objections and waiting for a Court Order mandating compliance is plainly acceptable under the procedure set forth in Fed. R. Civ. P. 45. Plaintiff's counsel will necessarily incur fees and costs associated with filing a Motion to Compel, however, if Plaintiff seeks compliance with a subpoena to which the recipient has objected, pursuant to the Rules, Plaintiff must file a Motion to Compel. *See* Fed. R. Civ. P. 45. Plaintiff also complains that Hilton waited until the last possible day for compliance, but whether Hilton waited to the last permissible day to comply is inapposite, as Hilton did, in fact, timely comply.

Because Fed. R. Civ. P. 37 is inapplicable to Hilton as a nonparty who is not an expert, because Hilton complied with the procedures set forth in Fed. R. Civ. P. 45, and because Hilton timely complied with the Order of this Court, Hilton should not be liable for Plaintiff's attorneys' fees and costs associated with her Motion to Compel and with the instant Motion.

For the foregoing reasons, the undersigned recommends that "Plaintiff's Motion and Application for Reasonable Attorneys' Fees and Expenses Against Hilton Hotels Corporation" (Docket No. 16) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and

Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge